**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GREE, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.  2:19-CV-00311-JRG |
| SUPERCELL OY, | § § § § | |
| *Defendant*. | § | |

## **MEMORANDUM ORDER**

Before the Court is the Plaintiff GREE, Inc.'s Motion to Strike Portions of Expert Report of Dr. Jose Zagal (Dkt. No. 122). After consideration, the Court **GRANTS** the Motion.

**I.    INTRODUCTION**

On September 16, 2019, GREE filed a complaint against Defendant Supercell Oy alleging Supercell's products Clash of Clans, Clash Royale, and Hay Day infringe U.S. Patent Nos. 9,079,107 (the "'107 Patent") and 9,561,439 (the "'439 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1). On April 7, 2020, Supercell served its Invalidity Contentions and Disclosures under Local Patent Rules 3-3 and 3-4. (Dkt. No. 122 at 2).

On August 28, 2020, Supercell served on GREE notices of subpoenas served on third party Electronic Arts ("EA") requesting source code for the Warhammer Online: Age of Reconning PC game. (Dkt. No. 138 at 2). EA produced such source code to Supercell on a flash drive on October 6, 2020. (*Id.*). On October 13, 2020, Supercell's source code review expert began reviewing the EA source code in native format. (*Id.*). On October 27 and 28, 2020, three weeks after the source code was produced to Supercell in native format and on the last day of fact

discovery, Supercell disclosed the existence of the EA source code to GREE. (Dkt. No. 138 at 4; Dkt. No. 122 at 3). On November 2, 2020, Supercell served its Invalidity Expert Report of Dr. Jose Zagal (the "Zagal Report"). (Dkt. No. 122 at 2). The Zagal Report included assertions that (i) source code related to Warhammer Online and produced by third-party EA supports Supercell's argument that Warhammer Online invalidates the claims of the '107 Patent and the '439 Patent (Dkt. No. 122-3 at ¶¶ 246, 482, 496, 504, 512, 533, 547, 554); and (ii) the claims of the '439 Patent are invalid under 35 U.S.C. § 112 for lack of written description (*Id.* at ¶¶ 801–802).

On November 5, 2020, Supercell notified GREE that EA had cleared GREE's experts to inspect the EA source code, but that such review must occur in person at Supercell's counsel's office in San Francisco, despite the fact that the EA source code had been produced on a portable flash drive. (Dkt. No. 122 at 4). Thereafter, Supercell agreed to provide GREE with printout copies of the EA source code that Dr. Zagal relied upon in his Invalidity Report and did provide such printouts to GREE on November 6, 2020. (*Id.*).

GREE contends that the Zagal Report contains previously undisclosed invalidity opinions that were absent from Supercell's Invalidity Contentions and analyzes source code that Supercell did not disclose to GREE during fact discovery. (*Id.* at 1). Accordingly, GREE now seeks to strike certain portions of the Zagal Report pursuant to Fed. R. Civ. P. 26 and 37. (*Id.*).

## II.     LEGAL AUTHORITY

Local Patent Rule 3-3 requires a party opposing a claim of patent infringement to serve Invalidity Contentions, which must identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious." P.R. 3-3(a). Invalidity contentions are deemed to be final contentions absent proper amendment. *Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006).

Rule 26, which is reinforced by this Court's discovery order, requires production of all documents or tangible things that a party may use to support its claims or defenses. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In assessing a violation, it is relevant for the court to consider: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Supercell bears the burden to prove that its failure to comply with Rule 26 was "substantially justified or harmless." *Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

### III. ANALYSIS

#### 1. Undisclosed Invalidity Theories

GREE moves to strike invalidity theories in the Zagal Report that it contends were not disclosed in Supercell's Invalidity Contentions. Specifically, GREE moves to strike Dr. Zagal's opinions that the claims of the '439 Patent are invalid under 35 U.S.C. § 112 for lack of written description in ¶¶ 801–802 of the Zagal Report. (Dkt. No. 122 at 5–8). In response, Supercell agrees to withdraw the opinions of Dr. Zagal regarding 35 U.S.C. § 112. (Dkt. No. 138 at 1 n.1). Accordingly, ¶¶ 801–802 of the Zagal Report are hereby **STRICKEN**.

#### 2. Late Produced Source Code

GREE also claims that Dr. Zagal should be precluded from offering any opinions regarding EA source code that Supercell did not disclose to GREE during fact discovery despite having such

source code in its possession. (Dkt. No. 122 at 8). GREE claims that this is a violation of the Discovery Order in this case which states that "[a] party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days." (Dkt. No. 30 at 8). GREE alleges that Supercell's unexplained failure to disclose the EA source code to GREE pursuant to the Discovery Order and prior to the close of fact discovery compels exclusion of the EA source code under Fed. R. Civ. P. 37. (Dkt. No. 122 at 1, 8–13). Furthermore, GREE argues that the fact that Supercell did eventually produce certain printouts of the source code after the close of fact discovery does not cure Supercell's failure to timely disclose to GREE the flash drive containing all EA source code. (*Id.* at 9). GREE also argues that such failure was not justified nor harmless as Supercell had access to the source code on a portable flash drive weeks before the close of fact discovery yet did not notify GREE or produce such source code. (*Id.* at 9–10). GREE argues that it was prejudiced by this failure and delay because it was unable to meaningfully evaluate and test Dr. Zagal's opinions using source code that EA produced but that Supercell did not provide to GREE. (*Id.* at 11–12).

Supercell argues that it disclosed the existence of the EA source code and its intention to rely on such source code to GREE on October 27 and 28, 2020. (Dkt. No. 138 at 4). Furthermore, Supercell argues that it produced the EA source code after the close of fact discovery because it believed that a flash drive with native source code did not constitute "documents" under the Discovery Order such that it was required to produce it to GREE within five business days. (Dkt. No. 4–5). Accordingly, Supercell argues that its late production was justified because it was based on a reasonable interpretation of the Discovery Order. (*Id.* at 5).

The Court disagrees. On August 28, 2020, Supercell served on GREE notices of subpoenas served on EA as required under paragraph 12(d) of the Discovery Order. (Dkt. No. 138 at 2).

Supercell knew that its requests to EA fell under the requirements of paragraph 12(d) of the Discovery Order. Supercell's argument that native source code on a flash drive does not constitute a "document" that it was required to produce is not a reasonable interpretation of this Court's discovery rules. The Discovery Order in this case even allows for production outside of five business days and states that "[w]here production of documents within five (5) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis." (Dkt No. 30 at 8). Even if EA required the source code to remain in Supercell's possession, Supercell should have at least notified GREE of its existence. Additionally, Supercell provides no explanation for how it thought it was complying with its discovery obligations in general by withholding this information and source code until the last day of fact discovery, when the source code was in its possession for weeks. Regardless of whether this information was intentionally or inadvertently withheld, under the *CQ, Inc.* factors, the Court finds that Supercell's late disclosure was not substantially justified or harmless and that GREE would be prejudiced if Dr. Zagal is allowed to rely on source code that Supercell had in its possession for weeks during fact discovery, but did not disclose to GREE until after fact discovery. *See* 565 F.3d at 280. Accordingly, the Court finds that the paragraphs of the Zagal Report referring to EA source code, including those in Appendix C, are hereby **STRICKEN**.

### IV.   CONCLUSION

In light of the foregoing, the Court **GRANTS** GREE's Motion to Strike Portions of Expert Report of Dr. Jose Zagal. (Dkt. No. 122).

**SIGNED this 16th day of February, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE